UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN ANTHONY MORIARTY PRENDEVILLE,<br><br>Petitioner,<br><br>v.<br><br>THE HONORABLE NATALIE M. COX, UNITED STATES BANKRUPTCY JUDGE, DISTRICT OF NEVADA,<br><br>Respondent. | Case No. 2:26-cv-00298-CDS-EJY<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Petitioner's application to proceed *in forma pauperis* ("IFP"), which is complete (ECF No. 1), and Petitioner's Emergency Petition for Writ of Mandamus (ECF No. 1-1). Because the Court lacks the authority to rule on the requested relief, the undersigned recommends the Petition be dismissed with prejudice.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

## II.     Discussion

Plaintiff seeks a Writ of Mandamus directing the bankruptcy court to "rule on multiple long-pending, dispositive motion." ECF No. 1-1 at 1. Petitioner is currently involved in bankruptcy proceedings in the United States Bankruptcy Court for the District of Nevada and a nonjudicial trustee sale of Petitioner's home is set to occur on February 27, 2026. *Id*. Although a hearing was set for February 11, 2026, Petitioner says the hearing will not address motions concerning the legality of the trustee sale. *Id*. at 2-3. Because a foreclosure sale is set to occur before the bankruptcy court has ruled upon the legality of the sale, Petitioner argues that mandamus relief is warranted to prevent irreversible harm. *Id*. at 8.

However, this Court lacks authority to compel the result Petitioner is seeking. Long standing case law makes clear that "[a] district court lacks authority to issue a writ of mandamus to another district court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988) (citing *Lewis v. Green*, 629 F.Supp. 546, 553 (D.D.C. 1986)). Thus, this Court lacks authority to issue a writ to the bankruptcy court. *See Ayrs v. Greenwald*, 21 F.3d 1111, 1994 WL 12715, at *1 (9th Cir. 1994) (unpublished); *Crowley v. U.S. Bankr. Ct., Dist. of Nevada*, Case No. 3:12-cv-647-RCJ-VPC, 2012 WL 6513149, at *1 (D. Nev. Dec. 12, 2012).

## III.    Order

Accordingly, IT IS HEREBY ORDERED that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Petition (ECF No. 1-1) be filed on the docket.

## IV.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Emergency Petition for Writ of Mandamus (ECF No. [1-1]) be dismissed with prejudice.

Dated this 13th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).